# NO. 12-18-00205-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

|  |  |  |
|---|---|---|
| *IN THE INTEREST OF V.C. & K.H.,* | § | *APPEAL FROM THE* |
| *CHILDREN* | § | *COUNTY COURT AT LAW NO. 2* |
|  | § | *ANGELINA COUNTY, TEXAS* |

### *MEMORANDUM OPINION*
### *PER CURIAM*

C.G. appeals the termination of her parental rights. C.G.'s counsel filed a brief in compliance with *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967), and *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969). We affirm.

### BACKGROUND

C.G. is the mother of V.C. and K.H. S.C. is the father of V.C.[1] and J.H. is the father of K.H.[2] On January 23, 2017, the Department of Family and Protective Services (the Department) filed a first amended original petition for protection of V.C. and K.H., for conservatorship, and for termination of C.G.'s, S.C.'s, and J.H.'s parental rights. The Department was appointed temporary

---

[1] At the conclusion of the trial on the merits, the trial court found, by clear and convincing evidence, that S.C. engaged in one or more of the acts or omissions necessary to support termination of his parental rights under subsections (D), (E), (N), and (O) of Texas Family Code Section 161.001(b)(1). The trial court also found that termination of the parent-child relationship between S.C. and V.C. was in the child's best interest. Based on these findings, the trial court ordered that the parent-child relationship between S.C. and V.C. be terminated. The father is not a party to this appeal.

[2] At the conclusion of the trial on the merits, the trial court found, by clear and convincing evidence, that J.H. engaged in one or more of the acts or omissions necessary to support termination of his parental rights under subsections (D), (E), (N), (O), and (P) of Texas Family Code Section 161.001(b)(1). The trial court also found that termination of the parent-child relationship between J.H. and K.H. was in the child's best interest. Based on these findings, the trial court ordered that the parent-child relationship between J.H. and K.H. be terminated. The father is not a party to this appeal.

managing conservator of the children, and all the parents were granted limited access to, and possession, of the children.

At the conclusion of the trial on the merits, the trial court found, by clear and convincing evidence, that C.G. engaged in one or more of the acts or omissions necessary to support termination of her parental rights under subsections (D), (E), (N), (O), and (P) of Texas Family Code Section 161.001(b)(1). The trial court also found that termination of the parent-child relationship between C.G., V.C., and K.H. is in the children's best interest. Based on these findings, the trial court ordered that the parent-child relationship between C.G., V.C., and K.H. be terminated. This appeal followed.

### ANALYSIS PURSUANT TO *ANDERS V. CALIFORNIA*

C.G.'s counsel filed a brief in compliance with **Anders**, stating that counsel diligently reviewed the appellate record and is of the opinion that the record reflects no reversible error and that there is no error upon which an appeal can be predicated. This court has previously held that **Anders** procedures apply in parental rights termination cases when the Department moved for termination. *See **In re K.S.M.***, 61 S.W.3d 632, 634 (Tex. App.—Tyler 2001, no pet.). In compliance with **Anders**, counsel's brief presents a professional evaluation of the record demonstrating why there are no reversible grounds on appeal, and referencing any grounds that might arguably support the appeal. *See **Anders***, 386 U.S. at 744, 87 S. Ct. at 1400; ***Mays v. State***, 904 S.W.2d 920, 922–23 (Tex. App.—Fort Worth 1995, no pet.).

In our duties as a reviewing court, we must conduct an independent evaluation of the record to determine whether counsel is correct in determining that the appeal is frivolous. *See **Stafford v. State***, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); ***Mays***, 904 S.W.2d at 923. We have carefully reviewed the appellate record and counsel's brief. We find nothing in the record that might arguably support the appeal.[3] *See **Taylor v. Tex. Dep't of Protective & Regulatory Servs**.*, 160 S.W.3d 641, 646–47 (Tex. App.—Austin 2005, pet. denied).

---

[3] In compliance with **Kelly v. State**, counsel for C.G. certified that he provided her with a copy of his brief, informed her of her right to file a pro se response, and took concrete measures to facilitate her review of the appellate record. 436 S.W.3d 313, 319 (Tex. Crim. App. 2014). C.G. was given time to file her own brief, but the time for filing such brief has expired and no pro se brief has been filed.

## DISPOSITION

We agree with C.G.'s counsel that the appeal is wholly frivolous. Counsel for C.G. has moved to withdraw.[4] However, we **overrule** counsel's motion to withdraw. In **In re P.M.**, the Texas Supreme Court held that the right to counsel in suits seeking the termination of parental rights extends to "all proceedings in [the Texas Supreme Court], including the filing of a petition for review." 520 S.W.3d 24, 27 (Tex. 2016)*.* Accordingly, counsel's obligation to C.G. has not yet been discharged. *See **id***. If C.G., after consulting with counsel, desires to file a petition for review, counsel should timely file with the Texas Supreme Court "a petition for review that satisfies the standards for an ***Anders*** brief." *See **id.*** at 27–28; *see also* ***A.C. v. Tex. Dep't of Family & Protective Servs.***, No. 03-16-00543-CV, 2016 WL 5874880, at \*1 n.2 (Tex. App.—Austin Oct. 5, 2016, no pet.) (mem. op.). Accordingly, we ***affirm*** the trial court's judgment. *See* TEX. R. APP. P. 43.2.

Opinion delivered December 12, 2018.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

---

[4] In his brief, C.G.'s counsel asks that we approve his request to withdraw from providing further legal representation to C.G. In his letter to C.G., counsel states that he is enclosing a copy of his motion to withdraw along with his ***Anders*** brief. However, the appellate record does not include a copy of counsel's motion to withdraw.



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**DECEMBER 12, 2018**

**NO. 12-18-00205-CV**

**IN THE INTEREST OF V.C. & K.H., CHILDREN**

Appeal from the County Court at Law No. 2
of Angelina County, Texas (Tr.Ct.No. CV-00042-17-01)

THIS CAUSE came to be heard on the appellate record and brief filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*